FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jul 30, 2018

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOSE M., <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 4:17-CV-05122-RHW <br><br> **ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

Before the Court are the parties' cross-motions for summary judgment, ECF Nos. 12, 13. Plaintiff brings this action seeking judicial review, pursuant to 42 U.S.C. § 405(g), of the Commissioner's final decision, which denied Plaintiff's application for Supplemental Security Income under Title XVI of the Social Security Act, 42 U.S.C §§ 1381-1383F. After reviewing the administrative record and briefs filed by the parties, the Court is now fully informed. For the reasons set forth below, the Court **GRANTS** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment.

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** ~ 1

## I. Jurisdiction

An application for Supplemental Security Income was filed on behalf of Plaintiff, a minor, on April 6, 2011, AR 159-68, alleging onset of disability on February 14, 1999, AR 179. His application was initially denied on September 16, 2011, AR 115-17, and on reconsideration on May 16, 2012, AR 121-23. On January 10, 2014, Administrative Law Judge ("ALJ") Caroline Siderius held a hearing in Spokane, Washington. AR 79-92. On February 7, 2014, the ALJ issued a decision finding Plaintiff ineligible for benefits. AR 59-75. The Appeals Council denied Plaintiff's request for review on February 2, 2017, AR 17-21, making the ALJ's ruling the "final decision" of the Commissioner. Plaintiff timely filed the present action challenging the denial of benefits, and his claims are properly before this Court pursuant to 42 U.S.C. § 405(g).

## II. Sequential Evaluation Process

The Social Security Administration has established a three-step sequential evaluation process to determine whether a child (an individual under the age of 18) qualifies for disability benefits. 20 C.F.R. § 416.924(a).

Step one inquires whether the claimant is presently engaged in "substantial gainful activity." 20 C.F.R. § 416.972(a). Substantial gainful activity is defined as significant physical or mental activities done or usually done for profit. 20 C.F.R. §

416.972. If the claimant is engaged in substantial activity, he or she is not entitled to disability benefits. 20 C.F.R. § 416.924(b). If not, the ALJ proceeds to step two.

Step two asks whether the claimant has a medically determinable impairment that is severe, or combination of impairments that is severe. 20 C.F.R. § 416.924(a). A severe impairment is one that has lasted or is expected to last for at least twelve months, and must be proven by objective medical evidence. 20 C.F.R. §§ 404.1508-09 & 416.908-09. For an individual who has not attained age 18, a medically determinable impairment or combinations of impairments is not severe if it is a slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations. 20 C.F.R. § 416.924(c). If the claimant does not have a severe impairment, or combination of impairments, the disability claim is denied, and no further evaluation is required. Otherwise, the evaluation proceeds to the third step.

Step three involves a determination of whether the claimant has an impairment or combination of impairments that "meets, medically equals, or functionally equals" one of the listed impairments acknowledged by the Commissioner to be sufficiently severe. 20 C.F.R. § 416.924(a). In making this determination, the ALJ must consider the combined effect of all medically determinable impairments, even those that are not severe. 20 C.F.R. § § 416.923; 416.924a(b)(4); 416.926a(a),(c). If the impairment or combination of impairments

meets or equals, or functionally equals one of the listed impairments, and it has lasted or is expected to last for a continuous period of at least 12 months, the claimant is presumed disabled and qualifies for benefits. 20 C.F.R. § 416.924(d). If not, the claimant is not disabled and does not qualify for benefits. *Id*.

In determining whether a claimant's combination of impairments functionally equals the listings requires an assessment of the claimant's limitations in six broad areas of functioning called domains. 20 C.F.R. § 416.926a(b)(1). The six domains for children are: (1) "Acquiring and Using Information," (2) "Attending and Completing Tasks," (3) "Interacting and Relating with Others," (4) "Moving About and Manipulating Objects," (5) "Caring for Yourself," and (6) "Health and Physical Well-being." 20 C.F.R. § 416.926a(b)(1)(i-vi). In making this assessment, the ALJ must compare how appropriately, effectively, and independently the claimant performs activities compared to the performance of other children of the same age who do not have impairments. 20 C.F.R. § 416.926a(b). The claimant's combination of impairments will be found to functionally equal the listings if the claimant has "marked" limitations in at least two of the domains or if the claimant has "extreme" limitations in any one of the six domains. 20 C.F.R. § 416.926a(d).

The claimant will be found to have "marked" limitations when his combination of impairments seriously interferes with the claimant's ability to

independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(2). The claimant's "day-to-day functioning may be seriously limited when [the claimant's] impairment(s) limit only one activity or when the interactive and cumulative effects of [the claimant's] impairment(s) limit several activities." *Id*. A "marked" limitation implies a limitation that is "more than moderate" but "less than extreme." *Id*.

The claimant will be found to have an "extreme" limitation when his combination of impairments very seriously interferes with his ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3). The claimant's "day-to-day functioning may be very seriously limited when [the claimant's] impairment(s) limit only one activity or when the interactive and cumulative effects of [the claimant's] impairment(s) limit several activities." *Id*. An "extreme" limitation means a limitation that is "more than marked." An "extreme" limitation is given to the worst limitations. *Id*. "However, 'extreme limitation' does not necessarily mean a total lack or loss of ability to function." *Id*.

### III. Standard of Review

A district court's review of a final decision of the Commissioner is governed by 42 U.S.C. § 405(g). The scope of review under § 405(g) is limited, and the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error." *Hill v. Astrue*, 698 F.3d 1144,

1158-59 (9th Cir. 2012) (citing § 405(g)).  Substantial evidence means "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)) (internal quotation marks omitted).  In determining whether the Commissioner's findings are supported by substantial evidence, "a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006) (quoting *Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989)).

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the ALJ.  *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012); *see also Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").  Moreover, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Molina*, 674 F.3d at 1111.  An error is harmless "where it is

inconsequential to the [ALJ's] ultimate nondisability determination." *Id.* at 1115. The burden of showing that an error is harmful generally falls upon the party appealing the ALJ's decision. *Shinseki v. Sanders*, 556 U.S. 396, 409–10 (2009).

## IV. Statement of Facts

The facts of the case are set forth in detail in the transcript of proceedings, and accordingly, are only briefly summarized here. Plaintiff was 12 years old on the date of his application, and he was just shy of his sixteenth birthday at the time of the ALJ's decision. AR 59-75, 154. Plaintiff primarily resided with his grandmother throughout his life, although he did briefly live with his aunt and uncle. AR 81, 246.

## V. The ALJ's Findings

The ALJ determined that Plaintiff was not disabled under the Social Security Act and denied his application for benefits. AR 59-75.

**At step one**, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the date of application, April 6, 2011 (citing 20 C.F.R. §§ 416.924(b) and 416.971 *et seq.*). AR 62.

**At step two**, the ALJ found Plaintiff had the following severe impairments: mood disorder, anxiety disorder, disruptive disorder, and attention deficit hyperactivity disorder (citing 20 C.F.R. § 416.924(c)). *Id.*

**At step three**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. §§ 404, Subpt. P, App. 1 (citing 20 C.F.R. §§ 416.924, 416.925, and 416.926). AR 62-63. Additionally, the ALJ found that Plaintiff does not have an impairment or combination of impairments that functionally equals the severity of the listings (citing 20 C.F.R. §§ 416.924(d) and 416.926(a)). AR 63-74.

## VI.  Issues for Review

Plaintiff argues that the Commissioner's decision is not free of legal error and not supported by substantial evidence. Specifically, Plaintiff argues the ALJ erred by: (1) failing to fully and fairly develop the record by failing to order a comprehensive intellectual assessment; (2) rejecting the medical opinions of consultative examiner Dr. CeCilia Cooper, PhD, and State agency psychological consultant Dr. Richard Borton, PhD; and (3) finding that Plaintiff's impairments do not functionally meet the childhood listings. ECF No. 12 at 2.

## VII.  Discussion

### A. The ALJ did not err by failing to order a comprehensive intellectual assessment.

Dr. CeCilia Cooper, PhD, performed a psychological consultation on Plaintiff on March 7, 2012. AR 328-35. In her prognosis, she stated, "[a]n

intellectual assessment is recommended if one has not been completed beyond what is reflected in the referral records." AR 334. Plaintiff argues that the ALJ erred by failing to order an intellectual assessment based on this reference. ECF No. 12 at 5. The ALJ gave Dr. Cooper's report only partial weight. AR 66-67.

The ALJ has a duty to "fully and fairly develop the record and to assure that the claimant's interests are considered." *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983). This does not mean that the ALJ must follow every avenue presented. The duty is triggered "only when there is ambiguous evidence or when the record is inadequate for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001). The ALJ is only required to seek additional evidence when the existing evidence consistently favors the claimant. *Lewis v. Apfel*, 236 F.3d 503, 514-15 (9th Cir. 2001).

Here, the ALJ gave significant weight to the findings of Dr. Brent O'Neal, PhD, with regard to intellectual functioning. AR 66. Dr. Cooper opined more significant intellectual impairments than Dr. O'Neal, and the ALJ gave less weight to Dr. Cooper's opinion. AR 66-67. As detailed in the next section, the ALJ provided legally sufficient reasons to explain the weight given to Dr. Cooper's opinion. *See infra* at pp. 11-13. As the ALJ found Dr. O'Neal's opinion more reliable, she was not required to accept all of the recommendations from Dr. Cooper. The Court finds no error in the failure to order an intellectual assessment.

### B. The ALJ did not err in the treatment of the medical opinions in the record.

The Ninth Circuit has distinguished between three classes of medical providers in defining the weight to be given to their opinions: (1) treating providers, those who actually treat the claimant; (2) examining providers, those who examine but do not treat the claimant; and (3) non-examining providers, those who neither treat nor examine the claimant. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (as amended).

A treating provider's opinion is given the most weight, followed by an examining provider, and finally a non-examining provider. *Id*. at 830-31. Furthermore, generally more weight is given to the opinion of a specialist about medical issues related to his or her area of specialty. 20 CFR § 416.927(c)(2)(5). In the absence of a contrary opinion, a treating or examining provider's opinion may not be rejected unless "clear and convincing" reasons are provided. *Id*. at 830. If a treating or examining provider's opinion is contradicted, it may only be discounted for "specific and legitimate reasons that are supported by substantial evidence in the record." *Id*. at 830-31.

The ALJ may meet the specific and legitimate standard by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [his or her] interpretation thereof, and making findings." *Magallanes v.*

*Bowen*, 881 F.2d 747, 751 (9th Cir. 1989) (internal citation omitted). When rejecting a treating provider's opinion on a psychological impairment, the ALJ must offer more than his or her own conclusions and explain why he or she, as opposed to the provider, is correct. *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th Cir. 1988).

### a. Dr. CeCilia Cooper, PhD

As stated previously, Dr. Cooper performed a psychological consultation on Plaintiff on March 7, 2012. AR 328-35. She suggested the possibility of a learning disorder based on his mental status examination, but she did not specifically diagnose Plaintiff with a learning disorder. AR 334. The ALJ gave only some weight to this opinion because Plaintiff has no history of special education, and because it was inconsistent with the findings of Dr. O'Neal, to whom she gave significant weight. AR 66-67. Additionally, the ALJ reasoned that the issues with Plaintiff's short-term memory and concentration during the mental status examination could be explained by his attention deficit hyperactivity disorder ("ADHD"). AR 67.

Dr. O'Neal obtained an estimate of Plaintiff's intellectual functioning with the Wechsler Abbreviate Scale of Intelligence ("WASI"), which measured Plaintiff to have intellectual functioning in the borderline range with a "significant discrepancy" between his verbal and nonverbal capabilities. AR 279. Plaintiff's

verbal subtest fell just below the average range. *Id.* Dr. O'Neal did not diagnose borderline intellectual functioning in his report. AR 281. In his examination, Dr. O'Neal found Plaintiff to be "pleasant and happy" with "adequate attention, memory, verbal communication, and reasoning skills." AR 281.

Plaintiff argues that the ALJ misinterpreted Dr. O'Neal's report and the purpose of the WASI evaluation. ECF No. 12 at 10-11. However, the ALJ provided a reasonable interpretation of the record, and Plaintiff cannot prevail merely by claiming that the ALJ should have taken a different interpretation. The ALJ is the trier of fact, and "[t]he trier of fact and not the reviewing court must resolve conflicts in the evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992). It is "the ALJ [who] is the final arbiter with respect to resolving ambiguities in the medical evidence." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008).

Plaintiff also argues that the record is ambiguous as to whether Plaintiff received special education classes, the lack of which was another justification the ALJ gave for giving less weight to Dr. Cooper's opinion regarding intellectual function. ECF No. 12 at 11. The ALJ concluded that the absence of evidence indicated Plaintiff did not receive these classes. AR 66. The inconsistent statements in the record from Plaintiff and his family cited by Plaintiff do not make this

finding unreasonable. When the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d 853, 857 (9th Cir. 2001). The Court "must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina*, 674 F.3d at 1111; *see also Thomas*, 278 F.3d 947, 954 (if the "evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the conclusion must be upheld").

Finally, the ALJ noted that the problems with concentration and short-term memory opined by Dr. Cooper could be explained by Plaintiff's ADHD. AR 67. Plaintiff argues that this is a medical judgment that the ALJ does not have the expertise to make. ECF No. 12 at 13. The ALJ, however, is not diagnosing Plaintiff with ADHD—that diagnosis is already throughout the record and accepted as a medically determinable severe impairment at step two. *See* AR 62. Dr. O'Neal, as well as Plaintiff's pediatrician, diagnosed Plaintiff with ADHD. AR 222-29, 281. Even Dr. Cooper acknowledges this diagnosis in her report. AR 328. The ALJ noted that the symptoms of impaired concentration and memory are consistent with this well-documented condition. AR 67.

In sum, the ALJ provided multiple legally sufficient reasons for the weight given to Dr. Cooper's opinion, and the Court finds no error.

//

### b. Dr. Richard Borton, PhD

Dr. Borton performed a Disability Determination on behalf of the State on May 15, 2012. AR 103-14. Dr. Borton opined marked limitations in Plaintiff's ability to interact and relate with others. AR 111. The ALJ found this to be inconsistent with Plaintiff's "improved level of social functioning since the application date." AR 66. The ALJ detailed how there had been no calls from the school, Plaintiff had not been skipping school to avoid his peers, and there was no evidence he had been on a Behavior Intervention Plan at school. *Id.* In sum, the ALJ found the record to be consistent in that Plaintiff's ability to interact and relate with others is less than marked, and little weight was given to Dr. Borton's opinion for these reasons. *Id.*

Plaintiff counters the ALJ's findings with evidence in the record that he believes supports Dr. Borton's opinion, including a teacher questionnaire prepared by Plaintiff's seventh grade teacher, Travis Hatke. ECF No. 12 at 15. Mr. Hatke opined that Plaintiff had "serious problems" asking for permission and following rules and "very serious problems" respecting and obeying adult authority. AR 417. Plaintiff also notes outbursts of anger and difficulty getting along with family. ECF No. 12 at 15.

The record, however, supports the ALJ's weight for Dr. Borton's opinion. While Mr. Hatke did provide the findings referenced by Plaintiff, Mr. Hatke also

stated that Plaintiff's prior attendance issues were no longer a problem and that it had not been necessary to implement a behavior modification strategy for Plaintiff. AR 414, 417. The severe outbursts referenced by Plaintiff were mentioned in an October 2011 re-intake visit with Catholic Family & Child Services, which occurred prior to the May 2012 findings by Dr. Borton. AR 340. The ALJ broadly found a pattern of improvement since the application date, AR 66, which is not contradicted by isolated incidents, particularly when the later evidence, such as Mr. Hatke's statement, support the conclusion.

As with Dr. Cooper, when the ALJ presents a reasonable interpretation that is supported by the evidence, it is not the role of the courts to second-guess it. *Rollins*, 261 F.3d at 857.

**C. The ALJ did not err in finding that Plaintiff's impairments do not functionally meet the childhood listings.**

Plaintiff argues that the ALJ's finding that his impairments do not functionally meet the childhood listings are not supported by substantial evidence. ECF No. 12 at 16-21. He takes issue with the findings related to "attending and completing tasks," "interacting and relating with others," and "acquiring and using information." *Id.*

//

//

### a. Attending and completing tasks

The ALJ found that Plaintiff had less than marked limitations in attending and completing tasks for multiple reasons. First, after his release from juvenile detention in 2011, his school attendance improved and he did better in school. AR 70. This is supported by the record. As mentioned previously, his seventh grade teacher, Mr. Hatke, stated that Plaintiff's prior attendance issue had resolved. AR 417. In March 2012, Plaintiff himself acknowledged doing well in school and having a good mood while in attendance. AR 347.

The ALJ also found Plaintiff to have less than marked limitations in this area because the consultative examination by Dr. Cooper in March 2012 demonstrated that Plaintiff could maintain attention and concentration, but he was impaired in his ability to carry out instructions for tasks involving two or three unrelated steps. AR 70. This finding is directly supported by Dr. Cooper's report. AR 334.

Plaintiff next argues that Mr. Hatke's questionnaire evidences marked limitations because he checked that Plaintiff had a "serious problem" working without distracting self or others. AR 416. While this is true, Mr. Hatke also found that Plaintiff did *not* have serious problems in the other 12 activities. AR 416.

Likewise, the record does not support that Plaintiff's transition to an alternative school demonstrates a marked limitation in attending and completing tasks. *See* ECF No. 12 at 18. Rather, the fact Plaintiff showed improvement in

attendance and behavior at the alternative school shows that environment, not impairment, was more significant to Plaintiff's struggles.

Plaintiff finally cites to the findings by Dr. Ivan Guevara, M.D., that Plaintiff suffered from frequent problems sustaining attention, being distracting, listening when spoken too, fidgeting, and excessive physical and verbal activity. AR 299-306. However, some of these findings were during a period in which Plaintiff was not taking any of his medications. AR 299. Additionally, the record, particularly Mr. Hatke's statement, shows that many of Plaintiff's behavioral issues improved throughout time. AR 414, 416.

### b. Interacting and relating with others

Plaintiff again tries to argue that the ALJ erred by not accepting Dr. Borton's findings. ECF No. 12 at 19. As the Court has already addressed this issue, it will not revisit it.

Plaintiff also points to the assessment by Dr. O'Neal to support his argument. ECF No. 12 at 19-20. While Dr. O'Neal stated that Plaintiff's scores in Rule-Breaking Behavior, Aggressive Behavior, Oppositional Defiant Problems, and Conduct Problems were in the clinical range, AR 280, Dr. O'Neal also stated that Plaintiff's "behavioral problems may be more a function of the environment that he was residing in and external incentive for his acting out," AR 281. Dr. O'Neal based this on the lack of limits and follow through with discipline practices

in Plaintiffs' grandparents' home and the improvement during the period in which Plaintiff lived with his uncle. *Id.* This is supported by the record as a whole. Contrary to Plaintiff's allegation, Dr. O'Neal's report does not undermine the ALJ's findings.

### c. Acquiring and using information

Last, Plaintiff argues that his improvement once enrolled in an alternative school demonstrates that he is markedly impaired in acquiring and using information. ECF No. 12 at 20. The record, however, demonstrates that a change in environment and structure, such as that offered by the alternative school, increased stability and promoted success—not that Plaintiff's impairments were too severe to prevent him from acquiring and using information. The record supports that Plaintiff improved in both attendance and academics in 2012, after he began attending the alternative school in January 2012.[1] AR 349.

In May 2012, Mr. Hatke stated Plaintiff had no more than slight problems in any of the activities listed under "acquiring and using information." AR 415. Likewise, in March 2012, Plaintiff himself acknowledged that he was doing well academically, getting As and Bs, and enjoyed being at school. AR 347.

---

[1] Moreover, even before attending alternative school, the record shows that Plaintiff's performance improved with better structure and environment. For example, Plaintiff attended school more regularly and did better when he lived with his aunt and uncle than with his grandparents. AR 246.

In sum, the ALJ's reasoning for assessing less than marked impairments in acquiring and using information is consistent, and Plaintiff's attendance at an alternative school supports, not contradicts, this.

## VIII.  Conclusion

Having reviewed the record and the ALJ's findings, the Court finds the ALJ's decision is supported by substantial evidence and free of legal error. Accordingly, **IT IS ORDERED:**

1.  Plaintiff's Motion for Summary Judgment, **ECF No. 12**, is **DENIED.**

2.  Defendant's Motion for Summary Judgment, **ECF No. 13,** is **GRANTED.**

3. Judgment shall be entered for Defendant and against Plaintiff.

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, forward copies to counsel and **CLOSE the file**.

**DATED** this 30th day of July, 2018.

*s/Robert H. Whaley*
ROBERT H. WHALEY
Senior United States District Judge